UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

        -v-

WALTER SCHIK,

                Defendant.

Case No. 20 Civ. 2211 (MKV)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Plaintiff*
*United States of America*
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2822
Facsimile: (212) 637-2702

TALIA KRAEMER
Assistant United States Attorney
   – Of Counsel –

## TABLE OF CONTENTS

Page(s)

ARGUMENT ................................................................................................................................. 1

I.      Schik Mischaracterizes the Applicable Legal Standards ....................................................... 1

        A.    The IRS Must Prove Willfulness by a Preponderance of the
            Evidence, Not by Clear and Convincing Evidence ........................................................ 1

        B.    Reckless Disregard Is Sufficient to Establish Willfulness in
            Civil, Rather than Criminal, FBAR Cases .................................................................... 2

II.     The Undisputed Evidence Establishes that Schik's Violation
       Was Willful ........................................................................................................................... 4

III.    This Matter Should Be Remanded to the IRS to Recalculate the
       Penalty Amount ................................................................................................................... 8

IV.    The Penalty Does Not Violate the Eighth Amendment's Excessive
       Fines Clause ......................................................................................................................... 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bedrosian v. United States*,
 912 F.3d 144 (3d Cir. 2018) ............................................................................................... 6

*Bedrosian v. United States*,
 No. CV 15-5853, 2017 WL 3887520 (E.D. Pa. Sept. 5, 2017) .................................................. 2

*Hayes v. N.Y.C. Dep't of Corr.*,
 84 F.3d 614 (2d Cir. 1996) ................................................................................................. 4

*Jones v. United States*,
 No. CV19-04950 (JVS) (RAOX), 2020 WL 2803353 (C.D. Cal. May 11, 2020) ...................... 8

*Kimble v. United States*,
 991 F.3d 1238 (Fed. Cir. 2021) .......................................................................................... 6

*Landa v. United States*,
 153 Fed. Cl. 585 (2021) .................................................................................................... 9

*Lefcourt v. United States*,
 125 F.3d 79 (2d Cir. 1997) ................................................................................................. 3

*Ratzlaf v. United States*,
 510 U.S. 135 (1994) ........................................................................................................... 2

*Safeco Ins. Co. of Am. v. Burr*,
 551 U.S. 47 (2007) ............................................................................................................. 3

*United States v. Bajakajian*,
 524 U.S. 321 (1998) ...................................................................................................... 9, 10

*United States v. Bohanec*,
 263 F. Supp. 3d 881 (C.D. Cal. 2016) ................................................................................ 2

*United States v. Clemons*,
 No. 18-CV-258, 2019 WL 7482218 (M.D. Fla. Oct. 9, 2019) ............................................... 5

*United States v. Collins*,
 No. CV 18-1069, 2021 WL 456962 (W.D. Pa. Feb. 8, 2021) ........................................... 9, 10

*United States v. de Forrest*,
 463 F.Supp.3d 1150 (D. Nev. 2020) .................................................................................. 5

*United States v. Flume*,
  No. 16-CV-73, 2018 WL 4378161 (S.D. Tex. Aug. 22, 2018) .............................................. 2, 6

*United States v. Garrity*,
  304 F. Supp. 3d 267 (D. Conn. 2018) ...................................................................................... 2

*United States v. Gentges*,
  --- F. Supp. 3d. ---, 2021 WL 1222764 (S.D.N.Y. Mar. 31, 2021) .................................... *passim*

*United States v. Horowitz*,
  978 F.3d 80 (4th Cir. 2020) ....................................................................................................... 3

*United States v. McBride*,
  908 F. Supp. 2d 1186 (D. Utah 2012) ....................................................................................... 2

*United States v. Pomerantz*,
  No. C16-689 MJP, 2017 WL 4418572 (W.D. Wash. Oct. 5, 2017) .......................................... 3

*United States v. Pomponio*,
  429 U.S. 10 (1976) .................................................................................................................... 2

*United States v. Rum*,
  995 F.3d 882 (11th Cir. 2021) ................................................................................................... 3

*United States v. Schwarzbaum*,
  No. 18-CV-81147, 2020 WL 2526500 (S.D. Fla. May 18, 2020) ....................................... 9, 10

*United States v. Viloski*,
  814 F.3d 104 (2d Cir. 2016) .................................................................................................... 10

**Statutes**

31 U.S.C. § 5321 ............................................................................................................................ 8, 10

31 U.S.C. § 5322 ................................................................................................................................ 10

The United States of America, by its attorney Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this reply memorandum of law in further support of its motion for summary judgment.[1]

Schik's opposition to the Government's motion does not raise any genuine dispute of fact that would preclude summary judgment. As an initial matter, Schik's efforts to impose higher burdens on the Government in proving willfulness should be rejected, because his proffered standards are unsupported by any relevant authority. Applying the correct civil willfulness standard, the undisputed facts show that Schik acted willfully in failing to comply with his FBAR reporting requirements. Schik's protestations that he was ignorant of the details of his foreign account management and emphasis on his traumatic childhood do not affect the willfulness analysis, which focuses on whether Schik was objectively reckless, rather than his subjective motivations. Further, the statute of limitations for initially assessing the FBAR penalty poses no bar to the IRS recalculating the penalty on remand. Finally, the FBAR penalty assessed against Schik is not unconstitutional, because the Excessive Fines Clause does not apply to remedial civil penalties, and in any event, the penalty was not unconstitutionally excessive. The Government's motion should therefore be granted in its entirety.

## ARGUMENT

### I. Schik Mischaracterizes the Applicable Legal Standards

#### A. The IRS Must Prove Willfulness by a Preponderance of the Evidence, Not by Clear and Convincing Evidence

Relying on an IRS internal memorandum from over 15 years ago, Schik argues that the Government must prove willfulness by clear and convincing evidence, rather than a

---

[1] This brief uses capitalized terms and abbreviations defined in the Government's opening brief. It cites the Government's opening brief as "Br." and Plaintiff's opposition brief as "Opp."

preponderance of the evidence. Opp. 8-9; *see* IRS, Office of Chief Counsel, Memorandum No. 200603026 (Jan. 20, 2006) ("Chief Counsel Memo"), https://www.irs.gov/pub/irs-wd/0603026.pdf. However, the IRS memorandum does not have the force of law, and as Schik acknowledges, it is not binding on this Court. *See* Opp. 8; *United States v. Garrity*, 304 F. Supp. 3d 267, 270 n.1 (D. Conn. 2018); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016). Rather, the memorandum reflects internal IRS guidance discussing the evidentiary standard that the IRS expected courts to apply in FBAR cases. *See* Chief Counsel Memo at 3. Schik does not identify any FBAR case in which a court applied the "clear and convincing" standard, and the Government is aware of none. Instead, courts have applied the evidentiary burden generally applicable in civil matters: proof by a preponderance of the evidence. *See Garrity*, 304 F. Supp. 3d at 269-73; *Bedrosian v. United States*, No. CV 15-5853, 2017 WL 3887520, at *1 (E.D. Pa. Sept. 5, 2017); *United States v. McBride*, 908 F. Supp. 2d 1186, 1201-02 (D. Utah 2012). That same standard should be applied here.

    **B.    Reckless Disregard Is Sufficient to Establish Willfulness in Civil, Rather than Criminal, FBAR Cases**

Schik's argument that "willfulness" should be limited to "intentional violation[s] of a known legal duty" fares no better. Opp. 9. In arguing for this heightened standard, Schik relies on cases involving criminal charges for willful conduct. *Id.*; *see Ratzlaf v. United States*, 510 U.S. 135 (1994); *United States v. Pomponio*, 429 U.S. 10 (1976).[2] But as the Supreme Court has explained, "where willfulness is a statutory condition of civil liability," rather than criminal liability, willfulness is "generally taken . . . to cover not only knowing violations of a standard,

---

[2] Schik also cites *United States v. Flume*, No. 16-CV-73, 2018 WL 4378161 (S.D. Tex. Aug. 22, 2018). However, the court in *Flume* declined to decide which definition of willfulness to apply; it did not determine that the criminal standard applies in the civil FBAR context. *See id.* at *5.

2

but reckless ones as well." *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Schik protests that *Safeco* does not apply to the FBAR context, but he provides no reason for why that should be. *See* Opp. 11. In fact, courts have repeatedly recognized that the general civil standard for willfulness applies to civil FBAR cases.[3] *See, e.g.*, *United States v. Rum*, 995 F.3d 882, 889 (11th Cir. 2021); *United States v. Horowitz*, 978 F.3d 80, 88 (4th Cir. 2020); *United States v. Gentges*, --- F. Supp. 3d. ---, 2021 WL 1222764, at *8 (S.D.N.Y. Mar. 31, 2021).

This rule is consistent with the "willfulness" standard that the Second Circuit has endorsed in a different civil tax enforcement context. In *Lefcourt v. United States*, 125 F.3d 79 (2d Cir. 1997), the Second Circuit addressed a statute that allows the IRS to impose a penalty on taxpayers for "intentional[ly] disregard[ing]" tax reporting requirements. *Id.* at 81. Applicable regulations state that "intentional disregard" includes both knowing and willful violations. *Id.* at 82. The *Lefcourt* court explained that a violation is willful if the taxpayer acts "voluntarily . . . , rather than accidentally or unconsciously." *Id.* at 83. In so doing, the Court rejected the taxpayer's argument that "one must be aware of the law's requirements in order to disregard them, and thus, a subjective good faith belief that one's conduct is lawful precludes the imposition of the penalty." *Id.* at 82.[4] So too here, the Court should not require the IRS to show intentional disregard of a known legal duty in order to establish recklessness.

---

[3] At least one unpublished district court opinion from outside of this district has held otherwise. *See United States v. Pomerantz*, No. C16-689 MJP, 2017 WL 4418572, at *3 (W.D. Wash. Oct. 5, 2017). However, *Pomerantz* relied on a criminal case and did not address the civil willfulness standard endorsed by the Supreme Court and applied by numerous courts in civil FBAR cases.
[4] As Schik notes, in *Lefcourt*, the taxpayer law firm was aware of the applicable tax reporting requirement, whereas here, Schik professes that he was ignorant of his obligation to file an FBAR altogether. *See* Opp. 10; *Lefcourt*, 125 F.3d at 83. However, in *Lefcourt*, the law firm asserted that it believed it was lawful for it not to comply with the tax reporting requirement at issue due to privilege concerns, and that therefore its violation could not be willful. 125 F.3d at 81-83. The court rejected this argument, holding that a taxpayer can act willfully even if it does not know its actions are unlawful. *Id.* at 83. That holding is instructive here.

3

## II. The Undisputed Evidence Establishes that Schik's Violation Was Willful

While Schik contends that the facts in this case are "hotly contested," Opp. 11, none of the factual disputes that Schik identifies is material to whether he acted willfully. Rather, the undisputed evidence shows that Schik was objectively reckless, because at a minimum, he disregarded an unjustifiably high risk, of which he should have known, that he was failing to comply with tax reporting requirements. *See Gentges*, 2021 WL 1222764, at *8. As described in the Government's opening brief, (1) Schik failed to read his 2007 tax return before signing it, which falsely stated that he had no foreign accounts; (2) Schik signed forms directing UBS not to invest his funds in U.S. securities due to tax regulations; (3) Schik signed account records reflecting that mail for his accounts would be sent to a third party and that one of his accounts was in the name of a shell entity; and (4) the accounts at issue, for which Schik received certain annual reports that he reviewed, contained millions of dollars in funds. *See* Br. 11-13.

Schik does not genuinely dispute these facts.[5] *See* Defendant's Response Pursuant to

---

[5] On two of these matters, Schik has attempted to walk back his deposition testimony through an affidavit submitted with his response to the Government's motion. However, a "party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). First, in his response to the Government's statement of undisputed facts, Schik "admits with qualification" the assertion that he did not review his 2007 tax return before signing it. Schik 56.1 Response ¶ 45. Though Schik testified at his deposition that he "just signed" his tax return without reading it and had never read a Form 1040 Individual Income Tax Return, *see* Schik Depo. 97:17-20, 97:24-98:3, 100:14-16, he now asserts that he "looked generally at his 2007 tax return before signing it," but "did not review [it] line-by-line," Schik 56.1 Response ¶ 45; *see* Affidavit of Defendant Walter Schik ("Schik Affidavit") ¶ 23. To the extent Schik seeks with his affidavit to alter his prior testimony, his affidavit should be disregarded and cannot create a genuine factual dispute for purposes of the Government's motion. Further, even accepting Schik's new assertions as true, his actions would still be reckless: if Schik looked at his tax return, then he would have been alerted to the FBAR filing requirement; if he did not look closely enough to see the relevant section of his return, then his actions were just as reckless as if he had not read the return. Second, at his deposition, Schik testified that he "got a statement once a year" about his accounts and that he reviewed the statements when he received them. Schik Depo. at 50:6-15. In his

S.D.N.Y. Local Civil Rule 56.1(a) Counter-Statement of Facts ("Schik 56.1 Response") ¶¶ 42-45. Instead, he first argues that his failure to read his tax return before signing it is simply careless or negligent, rather than reckless. Opp. 9-10. However, courts have repeatedly held that such behavior rises to the level of recklessness and supports a willfulness finding. *See* Br. 11-12 (collecting cases). When a taxpayer does not review his own tax return, there is an unjustifiably high risk that the return contains misstatements, and the taxpayer should know of such risk.

In arguing otherwise, Schik relies on *United States v. de Forrest*, 463 F.Supp.3d 1150 (D. Nev. 2020), and *United States v. Clemons*, No. 18-CV-258, 2019 WL 7482218 (M.D. Fla. Oct. 9, 2019), neither of which is persuasive authority here. In *Forrest*, the court denied summary judgment on the basis that there were genuine disputes of fact about what actions were taken by the taxpayer's tax preparer, but the court did not hold that a failure to review one's tax returns is mere negligence. 463 F.Supp.3d at 1158-60; *see also Gentges*, 2021 WL 1222764, at *12 (rejecting *Forrest* as unpersuasive). And *Clemons* presented facts entirely different from this case: there, the taxpayer disclosed the existence of foreign accounts on his tax return, but he asserted that he did not file the separate FBAR forms because his tax preparation software did not prompt him to do so. 2019 WL 7482218, at *7-8. *Clemons* was not a case in which the taxpayer recklessly failed even to read a tax return prepared by a third party.

Next, Schik emphasizes his traumatic childhood experience as a Holocaust survivor and asserts that he established his foreign accounts, with money he considered his European inheritance, for the purpose of having a financial safety net in case of a future catastrophe. Opp.

---

response to the Government's Rule 56.1 Statement, Schik now disputes that he received "account statements" related to his UBS accounts, and says that instead he "received a summary report from David Beck." Schik 56.1 Response ¶ 28. Again, to the extent this contradicts Schik's deposition testimony, it should be disregarded, though even a summary report would have made Schik aware of the quantity of funds in his overseas accounts.

11-12.  However, Schik's reasons for establishing the foreign accounts do not affect the willfulness analysis.  *See Kimble v. United States*, 991 F.3d 1238, 1240, 1243 n.2 (Fed. Cir. 2021) (taxpayer's belief that it was necessary to keep her family's financial account secret due to her family's experience as Holocaust survivors did not alter the willfulness analysis, because "[a] taxpayer can be 'willful' even if her violation has good reason").  To establish willfulness in a civil context, it is not necessary to show that the defendant acted with a bad purpose.  *See Bedrosian v. United States*, 912 F.3d 144, 153 (3d Cir. 2018).  Rather, the question is whether his actions were objectively reckless.  Regardless of Schik's reasons for establishing his overseas accounts, the undisputed facts show that he disregarded an unjustifiably high risk that he was failing to properly report the millions of dollars he held in those accounts for tax purposes.  *See Gentges*, 2021 WL 1222764, at *13-14 (taxpayer's subjective belief that he did not need to report accounts that held his European inheritance was irrelevant to the willfulness inquiry).

Schik also claims that he had no knowledge about the management of his accounts or his tax matters, and that he relied solely on his accountant and overseas money managers.  Schik relies on *United States v. Flume*, No. 5:16-CV-73, 2018 WL 4378161, at *7 (S.D. Tex. Aug. 22, 2018), for the proposition that willfulness cannot be established as a matter of law when the taxpayer relies on a professional tax preparer in filing his returns.  Opp. 11.  But in *Flume*, there was a factual dispute as to whether the taxpayer had disclosed the existence of his foreign account to his tax preparer.  *Flume*, 2018 WL 4378161, at *3, *6; *see also Gentges*, 2021 WL 1222764, at *11-12 (analyzing *Flume* at length and rejecting it as unpersuasive).  Here, Schik never disclosed the existence of his foreign accounts to his accountant until learning about the United States' criminal enforcement action against UBS.  Schik's reliance on an accountant to whom he had not disclosed all relevant information was objectively reckless.  Similarly, Schik

6

asserts that he relinquished all control over the accounts to his overseas money managers and that he never read any of the forms he signed regarding those accounts. Opp. 12; Schik 56.1 Response ¶¶ 11-19, 25. Accepting these assertions as true for purposes of this motion, Schik's actions were nonetheless reckless. Just as Schik's failure to review his tax return entailed an unjustifiably high risk that his return contained false information, Schik's willingness to blindly sign "stack[s] of UBS forms" regarding overseas accounts that he knew contained millions of dollars, *id.* ¶ 18, evinces reckless disregard of the risk that those records contained information that could have alerted him about potential reporting obligations related to those accounts.

Schik's remaining arguments are similarly unpersuasive. First, he suggests that his lack of formal education undercuts a finding of willfulness. Opp. 12. But the undisputed facts show that Schik was more financially sophisticated than his lack of formal education would suggest; he ran businesses and owned substantial real estate assets. *See* Schik 56.1 Response at 3-4. Schik further notes that he ultimately filed amended tax returns with the IRS and applied to the IRS's Offshore Voluntary Disclosure Program, *see* Opp. 12. However, the fact that Schik took action to remedy his past FBAR violations after learning that the U.S. government pursued a criminal investigation against his bank does not change the fact that Schik acted recklessly in failing to disclose those accounts initially. Schik also argues that he did not act willfully because he paid foreign taxes on his UBS accounts, and because he was ultimately due a refund for the 2007 tax year once he filed an amended tax return disclosing the foreign accounts. Opp. 13. As an initial matter, Schik does not cite to any record evidence to support these alleged facts, and they should therefore be disregarded. *See id.* Even if true, Schik's payment of foreign taxes does not negate his obligation to pay U.S. taxes and report his foreign accounts that contained more than $10,000, and Schik cites no authority to support the conclusion that his obligation to

7

report his foreign accounts for 2007 was diminished by a purported refund due to him for that year. Because Schik has failed to raise any genuine dispute of fact regarding willfulness, judgment should be granted for the Government on this issue.

### III.     This Matter Should Be Remanded to the IRS to Recalculate the Penalty Amount

As noted in the Government's opening brief, the Government agrees that the IRS's penalty calculation contained an error. Thus, the proper course here is to remand to the IRS so that the IRS can recalculate the penalty. *See Gentges*, 2021 WL 1222764, at *16.

Without citing any authority, Schik argues that the IRS should not be permitted to recalculate the penalty on remand because the statute of limitations for assessing an FBAR penalty against him for the 2007 tax year has expired. Opp. 14-15. However, the penalty has already been assessed; the IRS's recalculation of the penalty would simply be a redetermination of the correct penalty amount. *See Jones v. United States*, No. CV19-04950 (JVS) (RAOX), 2020 WL 2803353, at *8 (C.D. Cal. May 11, 2020). The statute of limitations therefore poses no bar. Indeed, the rule for which Schik advocates would lead to absurd results. If the IRS were only permitted to recalculate the penalty within the six-year limitations period, *see* 31 U.S.C. § 5321(b)(1), then the IRS would need to do all of the following within that time: (1) complete its investigation, (2) assess any penalty, (3) complete any administrative review following a taxpayer's challenge of the penalty, (4) bring suit to reduce the assessment to judgment, (5) complete litigation at all levels of available judicial review, and (6) if the matter were remanded for recalculation of the penalty, complete any reevaluation of available account records and penalty recalculation. This would render it nearly impossible for the IRS to redetermine a penalty on remand and would make remand a meaningless process.

Finally, Schik's statute of limitations argument is at best premature, as it is not apparent

at this stage that any new tax obligation would be assessed against Schik on remand. If the IRS's recalculation results in a lower penalty than originally assessed, the IRS could choose simply to abate part of the original penalty amount. Based on UBS account records that have recently become available for June 30, 2008, it appears that the recalculated penalty would be lower than the one previously assessed. *Compare* Supplemental Rule 56.1 Statement ¶¶ 67-68 *with* Rule 56.1 Statement ¶¶ 32-35. The same would be true if, instead of using the new 2008 records, the IRS accepted Schik's prior criticism of its original calculation and used corrected balances for December 2007, in conjunction with 2008 transaction data, to determine the accounts' balances as of June 30, 2008. [6] *See* Br. 14-15; Opp. 14; Schik 56.1 Response ¶ 34. Thus, especially at this stage, the statute of limitations should not bar the IRS from recalculating the penalty.

### IV. The Penalty Does Not Violate the Eighth Amendment's Excessive Fines Clause

Finally, the penalty assessed against Schik does not run afoul of the Eighth Amendment's Excessive Fines Clause. U.S. Const. amend. VIII. Courts have repeatedly held that this clause does not apply to the civil FBAR penalty, and Schik cites no authority to the contrary. *See Landa v. United States*, 153 Fed. Cl. 585, 599-601 (2021); *United States v. Collins*, No. CV 18-1069, 2021 WL 456962, at *8–11 (W.D. Pa. Feb. 8, 2021); *United States v. Schwarzbaum*, No. 18-CV-81147, 2020 WL 2526500, at *7 (S.D. Fla. May 18, 2020). The Excessive Fines Clause applies only to fines that constitute "punishment for some offense," such as a fine imposed following a criminal conviction. *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quotation marks omitted). By contrast, the civil FBAR penalty is imposed without any criminal

---

[6] Contrary to Schik's assertion, Opp. 14, the IRS did not solely rely on the December 2007 account balances to calculate the penalty amount; rather, it used what it believed to be the December 2007 balances combined with available data about transactions through June 30, 2008, to arrive at balances as of that date. *See* Rule 56.1 Statement ¶ 35. Nonetheless, the Government agrees that there the IRS's calculation of the December 2007 account balances was erroneous.

charges, and instead serves the remedial purpose of compensating the U.S. government for its lost tax revenue caused by unreported foreign accounts, as well as the administrative costs of investigating offshore tax evasion. *See Collins*, 2021 WL 456962, at *8; *Schwarzbaum*, 2020 WL 2526500, at *7. The fact that the Bank Secrecy Act ("BSA") provides for separate criminal "fines," independent of civil penalties, underscores that the civil penalty is not a punitive remedy. *See* 31 U.S.C. §§ 5321-22. The Excessive Fines Clause thus has no application here.

Even if the civil FBAR penalty were a "fine" under the Eighth Amendment, the penalty imposed here was not unconstitutionally excessive. *See Collins*, 2021 WL 456962, at *9-11. A fine is unconstitutional if it is "grossly disproportional to the gravity of the defendant's offense." *Bajakajian*, 524 U.S. at 337. In assessing disproportionality, the Second Circuit considers, *inter alia*:

> (1) the essence of the crime . . . and its relation to other criminal activity, (2) whether the defendant fits into the class of persons for whom the statute was principally designed, (3) the maximum sentence and fine that could have been imposed, and (4) the nature of the harm caused by the defendant's conduct.

*United States v. Viloski*, 814 F.3d 104, 110 (2d Cir. 2016). Here, Schik falls squarely within the class of persons for whom the FBAR penalty was designed, and the IRS's penalty (once re-calculated) will be within statutory bounds. Lastly, the civil penalty is not excessive when compared with the criminal penalties available under the BSA, which include imprisonment. *See* 31 U.S.C. § 5322. Schik's constitutional challenge to the penalty should therefore be rejected.

## CONCLUSION

For the foregoing reasons, as well as the reasons discussed in the Government's opening papers, this Court should grant the United States' motion for summary judgment on the issue of whether Schik is liable for penalties for willful violation of the FBAR reporting requirements, and remand this case to the IRS for calculation of the correct penalty amount.

Dated: New York, New York
        October 22, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Talia Kraemer
TALIA KRAEMER
Assistant United States Attorney
Tel.: (212) 637-2822
Fax: (212) 637-2702
E-mail: talia.kraemer@usdoj.gov

11